UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LEWIS IVORY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:07-CV-8030-SLB-HGD |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on petitioner Michael Lewis Ivory's Motions for Relief from Judgment of August 22, 2008 Pursuant to Fed. Rule of Civil Proc. 60(b)(5) or, in the Alternative, a Motion under § 2255(f)(2). (Docs. 24, 25.)[1] For the reasons set forth below, the court finds that Ivory's Motions for Relief are **DENIED**.

Ivory asks the court to reconsider its prior Order dismissing his Motion to Vacate. (*See* doc. 16.) As support for his Motions, he cites Fed. R. Civ. P. 60(b)(5), (*see* doc. 25 at 2, 10, 30), which states that "the court may relieve a party . . . from a final judgment [because] the judgment has been satisfied, released, or discharged; it is

---

[1] Citations to documents in the court's record in petitioner's Motion to Vacate, Case No. 2:07-CV-8030-SLB-HGD, appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:03-CR-0394-SLB-HNJ, appear as "(Crim. Doc. __)." Citations to page numbers refer to the page numbers assigned to each document by the court's CM/ECF electronic filing system. The court notes that the heading of document 24 refers to Case No. 2:05-CV-8041-JHH-HGD. However, the text of this document is almost identical to document 25 in the instant action. Therefore, the court considers the reference to Case No. Case No. 2:05-CV-8041-JHH-HGD to be in error.

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ." Fed. R. Civ. P. 60(b)(5).

"Rule 60(b)(5) does *not* apply in federal habeas proceedings, at least the typical ones where the judgment is an unconditional denial of habeas relief with no injunctive relief." *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1090 (11th Cir. 2015)(citing, *inter alia, Agostini v. Felton*, 521 U.S. 203, 239 (1997))(emphasis added). Therefore, Ivory's Rule 60(b)(5) Motion, challenging this court's Order of August 22, 2008, dismissing his habeas case, (*see* doc. 16), is **DENIED**.

Nevertheless, assuming Rule 60(b)(5) could apply to challenge the denial of his claim for habeas relief, Ivory's motion, based on *Alleyne v. United States*, 570 U.S. 99 (2013), would be denied as without merit under binding Eleventh Circuit caselaw, *see United States v. Harris*, 741 F.3d 1245, 1249-50 (11th Cir. 2014).

Ivory contends that this court's prior decision denying his claim for habeas relief must be set aside because the jury in his criminal case did not find the fact of his prior convictions before the court enhanced his sentence. The *Alleyne* decision "was based largely on [the Supreme Court's] reading of its earlier opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)." *Harris*, 741 F.3d at 1249. "Notably, however, *Apprendi* itself drew a distinction between 'normal' judicial factfinding and the use of prior convictions as a factual basis for sentence enhancement," holding "'*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id*. (quoting *Apprendi*,

2

530 U.S. at 490)(emphasis added in *Harris*). The Eleventh Circuit held: "Nothing in the facts or holding of *Alleyne* indicates that it eliminated *Apprendi*'s exception for judicial findings of prior convictions that increase a criminal penalty." *Id*. at 1249. Moreover, the court stated that the question of "whether a sentence can be increased because of prior convictions without a jury finding the fact of those convictions . . . continues to be governed by *Almendarez–Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222, 140 L. Ed. 2d 350 (1998), where the Court determined that the fact of a prior conviction is not an 'element' that must be found by a jury." *Harris*, 741 F.3d at 1249 (citing *Alleyne*, 570 U.S. at 111 n.1).

*Almendarez-Torres* has not been overruled. Therefore, Ivory's motion, asking the court to set aside his conviction because the fact of his prior convictions were not found by the jury, is without merit.

As an alternative to his Rule 60(b)(5) motion, Ivory asks the court to consider his *Alleyne* claim pursuant to § 2255(f)(2). (*See* doc. 25 at 1, 10-11.) A motion that seeks to add a new ground of relief is to be treated as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). This includes motions asserting "a subsequent change in the substantive law." *Id*. at 531-32. Ivory had previously filed a Motion to Vacate pursuant to § 2255, which did not include a claim based on the failure of the jury to determine the fact of his prior convictions. (*See generally* docs. 1 and 2.) Also, the Eleventh Circuit has not authorized Ivory to file a successive habeas petition.[2] "Without authorization, the district court lacks jurisdiction to consider

---

[2] For the reasons set forth above, such a successive petition would be without merit.

a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)); *see* 28 U.S.C. §§ 2244 (a)-(b); 2255(h).

Because Ivory is not authorized to file a successive petition challenging his conviction and sentence under the rule of law announced in *Alleyne*, the court lacks jurisdiction to consider this claim under § 2255(f).

> . . . [O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. at 514; *see also Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975)("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

*Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

This court is without jurisdiction to consider Ivory's unauthorized successive habeas petition; therefore, his motion to consider his claim under § 2255(f)(2) is **DENIED**.

For the foregoing reasons, Ivory's Motions for Relief pursuant to Fed. R. Civ. P. 60(b)(5) or, in the Alternative, Under § 2255(f)(2), (docs. 24, 25), are **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under

4

28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to entertain Ivory's Motions for Relief under § 2255 without authorization from the Eleventh Circuit Court of Appeals. Also, no claim for relief is available to Ivory under Rule 60(b)(5), and, if it were, such claim is without merit under Eleventh Circuit precedent. Reasonable jurists could not disagree. Also, Ivory has not demonstrated that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

A Certificate of Appealability is **DENIED**.

**DONE** this 9th day of October, 2019.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE